IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND EVANS, P69432,<br><br>    Plaintiff(s),<br><br>  v.<br><br>W. MUNIZ, Warden, et al.,<br><br>    Defendant(s). | No. C 15-2519 CRB (PR)<br><br>ORDER GRANTING<br>DEFENDANT SULLIVAN'S<br>MOTION FOR SUMMARY<br>JUDGMENT ON GROUNDS<br>OF NONEXHAUSTION<br><br>(ECF No. 18) |

I.

Plaintiff, a Muslim prisoner currently incarcerated at the California Substance Abuse Treatment Facility and State Prison, Corcoran (SATF-CSP, Corcoran), filed a pro se complaint under 42 U.S.C. § 1983 while incarcerated at Salinas Valley State Prison (SVSP), alleging that SVSP officials violated his First Amendment right to free exercise of religion by not providing him with halal meals over a period of sixteen months. Plaintiff further alleged that he brought the matter to the attention of several SVSP officials, but to no avail; and that he continued to experience periodic deprivation of halal meals at SVSP.

Per order filed on August 3, 2015, the court found that, liberally construed, plaintiff's allegations appear to state a claim for damages for violation of his First Amendment right to free exercise of religion under § 1983 and a claim for injunctive relief under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, and instructed the United States Marshal to serve the following defendants at SVSP: W. Muniz, D.A. Asuncion, P. Sullivan, Carolyn Hernandez, Muhammed M. Lawal, R. Conway and R. Jenkins.

Defendant Sullivan moves for summary judgment under Federal Rule of Civil Procedure 56 on the ground that plaintiff failed to properly exhaust available administrative remedies as to his claim against Sullivan, as required by the Prison Litigation Reform Act (PLRA). After being advised of what is required of him to oppose defendant's motion, plaintiff filed an opposition and defendant filed a reply.[1]

## II.

On June 17, 2013, prison officials at California State Prison, Sacramento, issued plaintiff a religious diet card entitling him to receive halal meals consistent with his faith.

On August 7, 2013, plaintiff was transferred to SVSP and placed in Facility C. Between August 7 and December 3, 2013, plaintiff wrote to former warden R. Grounds, Protestant chaplain J. Young, defendant Hernandez (the community resources manager), the "Muslim Chaplain," the "Food Manager," the "Religious Review Committee" and the "C-Facility Cap[tain]," complaining that SVSP staff were failing to provide him with halal meals consistent with his religious diet card and faith. Compl. (ECF No. 1) at 4, 11-16.

On April 29, 2014, plaintiff was transferred to SVSP's Facility B. On or around October 2, 2014, a Facility B cook assured plaintiff that he would receive halal meals and an officer affixed a halal designation to plaintiff's cell door. But the delivery of halal meals remained inconsistent.

/

---

[1] Defendant Jenkins also moved for summary judgment on the ground that plaintiff failed to properly exhaust available administrative remedies as to his claim against Jenkins, but later withdrew his motion in light of the Ninth Circuit's recent decision in Reyes v. Smith, 810 F.3d 654 (9th Cir. 2016). Consequently, only defendant Sullivan's motion for summary judgment on grounds of nonexhaustion is currently before the court for decision.

Plaintiff filed two inmate appeals regarding the delivery of halal meals at SVSP: appeal number SVSP-14-00850 and appeal number SVSP-14-04800.

On February 10, 2014, plaintiff filed appeal number SVSP-14-00850. In it, he grieved that he had regularly received non-halal meals since his arrival at SVSP and that his requests for help from the Protestant chaplain, Muslin chaplain, warden, religious review committee, Facility C captain, food manager and community resources manager had gone unanswered. Plaintiff sought damages and declaratory relief. On March 13, 2014, the first level of review partially granted the appeal on grounds that plaintiff had a valid halal meal card, was entitled to halal meals and would be provided with them. But it denied plaintiff's request for damages and declaratory relief. Plaintiff appealed to the second level of review, grieving that prison officials still were not regularly providing him with halal meals. On October 22, 2014, the second level of review partially granted the appeal on grounds that plaintiff was entitled to halal meals and that he would be provided with them, and denied plaintiff's request for damages and declaratory relief. Plaintiff appealed to the third level of review, which on February 5, 2015 denied the appeal on grounds that the second level of review appropriately evaluated and responded to the appeal.

On October 17, 2014, plaintiff filed appeal number SVSP-14-04800. In it, he grieved that on September 9, 2014, he again was denied a halal meal by specific corrections officers at now Facility B who rejected the halal meal card issued to him by his previous institution and insisted that he must obtain a new card from SVSP. But on October 29, 2014, plaintiff withdrew appeal number SVSP-14-04800 on grounds that the relief requested and granted in appeal number SVSP-14-00850 – apparently in the October 22, 2014 second level decision mentioned above – appeared to resolve his concerns.

On October 22, 2015, plaintiff was transferred to SATF-CSP, Corcoran.

### III.

"The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (citing Woodford v. Ngo, 548 U.S. 81, 85 (2006)). To the extent that the evidence in the record permits, the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA is a motion for summary judgment under Rule 56. Id. at 1168. The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. Id. at 1172. If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Id. The ultimate burden of proof remains with the defendant, however. Id.

If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. Id. at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. Id.

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires a prisoner not only to pursue every available step of the prison appeal process but also to adhere to "deadlines and

other critical procedural rules" of that process. Woodford v. Ngo, 548 U.S. 81, 90 (2006). "[I]t is the prison's requirements, and not the PLRA, that defines the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

The California Department of Corrections and Rehabilitation (CDCR) provides any inmate or parolee under its jurisdiction the right to appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). CDCR's appeal process consists of three levels of appeal: (1) first level appeal filed with one of the institution's appeal coordinators, (2) second level appeal filed with the institution head or designee, and (3) third level appeal filed with the CDCR director or designee. Id. §§ 3084.7, 3084.8. A prisoner exhausts CDCR's appeal process by obtaining a decision at each level. Id. § 3084.1(b); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010). To properly exhaust an issue within CDCR's appeal process, an appeal must "list all staff member(s) involved," describe the nature of their involvement and "state all facts known and available . . . regarding the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(2)-(4).

## IV.

Defendant Sullivan argues that he is entitled to summary judgment on the ground that plaintiff failed to properly exhaust his claim against Sullivan within CDCR's appeal process because plaintiff: (1) did not identify Sullivan in appeal number SVSP-14-00850 or describe Sullivan's involvement with the issue in that appeal; and (2) withdrew appeal number SVSP-14-04800. The court agrees.

## A.

The record shows that appeal number SVSP-14-00850 did not identify Sullivan or describe Sullivan's involvement with the issue on appeal, as required

by CDCR's appeal process. The other defendants in this action were at least identified by position or conduct, if not name, in SVSP-14-00850 (e.g., Muslim chaplain (defendant Lawal) and food manager (defendant Conway)). But plaintiff nonetheless argues that prison officials waived this defect as to Sullivan by addressing appeal number SVSP-14-00850 on its merits.

The Ninth Circuit recently joined other circuits in holding that a prisoner exhausts available administrative remedies under the PLRA "despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016). Thus, a California prisoner whose health care appeal concerning inadequate pain management failed to identify two prison doctors, as required by CDCR's appeal process, nevertheless exhausted his claim of deliberate indifference to serious medical needs against the two prison doctor defendants because the appeal was decided on its merits at all levels of review. See id. at 656-57. But this does not mean that a claim decided on the merits must be deemed exhausted as to all possible defendants. There must be a sufficient connection between the claim in the appeal and the unidentified defendant(s) to provide prison officials with "notice of the alleged deprivation" and an "opportunity to resolve it." Id. at 659. In Reyes, the two unidentified prison doctors had a sufficient connection with plaintiff's claim in the appeal concerning inadequate pain management because prison officials plainly knew that the two unidentified prison doctors served on the pain management committee that had determined that plaintiff should not receive narcotic pain medication. See id. But the same cannot be said in this case of defendant Sullivan.

/

On February 10, 2014, while plaintiff was still housed at SVSP's Facility C, he filed appeal number SVSP-14-00850 grieving that he had regularly received non-halal meals since his arrival and placement in SVSP's Facility C, and that his requests for help from the Protestant chaplain, Muslin chaplain, warden, religious review committee, Facility C captain, food manager and community resources manager had gone unanswered. Defendant Sullivan was not mentioned or implicated by appeal number SVSP-14-00850 because Sullivan had nothing to do with SVSP's Facility C. Cf. id. Sullivan was at all relevant times the captain of Facility B, not Facility C; and despite plaintiff's assertion that Sullivan was a member of the religious review committee, the un-controverted evidence in the record makes clear that he was not. See Hernandez Decl. (ECF No. 21) at 2. Under the circumstances, prison officials' rejection of appeal number SVSP-14-00850 on the merits did not amount to a waiver of the PLRA's proper exhaustion requirement as to Sullivan. Accord Ambrose v. Godinez, No. 11-3068, 2013 WL 647292, at *2 (7th Cir. Feb. 22, 2013) (despite prison officials' rejection of prisoner's appeal on merits, dismissal of prison official proper if appeal did not mention official by name or otherwise implicate him/her in alleged violation); Flemming v. Shah, No. 12-761-GPM, 2013 WL 3033102, at *3 (S.D. Ill. June 17, 2013) (same).

Plaintiff argues that appeal number SVSP-14-00850 properly alerted prison officials of his claim against Sullivan when, in his appeal to the second level of review, plaintiff wrote that "officials on both C-Facility and B-Facility refuse to honor a previously approved halal card." Opp'n (ECF No. 29) at 4. But even if "officials [at] B-Facility" suffices to implicate Sullivan as the captain of Facility B, the rationale of Reyes does not apply so as to save plaintiff's claim against Sullivan from dismissal for failure to properly exhaust CDCR's appeals

7

process. In Reyes, the Ninth Circuit explicitly required that the merits of a claim be reviewed "at <u>all available levels</u> of administrative review." Reyes, 810 F.3d at 656 (emphasis added). Consequently, prison officials waive a procedural default only if they "ignore the procedural problem and render a decision on the merits of the grievance <u>at each available step</u> of the administrative process." Id. at 658 (emphasis added). Prison officials did not do so here as to plaintiff's claim concerning the delivery of halal meals in Facility B, where Sullivan was facility captain. After all, the record makes clear that plaintiff did not raise any claim concerning the delivery of halal meals in Facility B in connection with appeal number SVSP-14-00850 until the second level of review and that prison officials at neither the second or third level of review elected to address or consider the new claim. See Medical Decl. Ex. B (ECF No. 19-2). Under the circumstances, plaintiff did not properly exhaust in connection with appeal number SVSP-14-00850 his claim against Sullivan. See Bulkin v. Ochoa, No. 13-cv-00388 DAD DLB PC, 2016 WL 1267265, at *2 (E.D. Cal. Apr. 1, 2016) (Reyes does not save claim not presented and addressed on the merits at each level of review of CDCR's appeal process); see also Lee v. Willey, 789 F.3d 673, 680-81 (6th Cir. 2015) (no waiver of procedural default where prisoner did not receive merits-based response at each step of administrative appeal process).

### B.

The record shows that on October 17, 2014, while plaintiff was housed at Facility B, he filed appeal number SVSP-14-04800 grieving that on September 9, 2014 correctional officers at Facility B denied him halal meals on grounds that his halal meal card was not valid. But on October 29, 2014, plaintiff withdrew appeal number SVSP-14-04800 on grounds that the relief requested and granted in appeal number SVSP-14-00850 appeared to resolve his concerns.

1        Plaintiff did not properly exhaust appeal number SVSP-14-04800 by
2   obtaining a decision at all three levels of review, as required by CDCR's appeal
3   process.  See Harvey, 605 F.3d at 683.  He withdrew the appeal before prison
4   officials even had a chance to review it at the first level of review.  Plaintiff's
5   contention that his withdrawal of appeal number SVSP-14-04800 was
6   conditioned on receiving relief in appeal number SVSP-14-00850 does not
7   compel a different conclusion.  There is no indication that prison officials
8   somehow waived the requirement that plaintiff properly exhaust CDCR's appeal
9   process or that they somehow tricked plaintiff into withdrawing the appeal.  Nor
10  is there any indication that plaintiff sought to reinstate appeal number SVSP-14-
11  04800 after he exhausted appeal number SVSP-14-00850 at the third and final
12  level of review.
13       Even if appeal number SVSP-14-04800 could be construed as implicating
14  Sullivan in plaintiff's claim that correctional officers in Facility B  denied him
15  halal meals, it did not properly exhaust plaintiff's claim against Sullivan by
16  obtaining a decision at all three levels of review.  See id.

## V.

18       For the foregoing reasons, defendant Sullivan's motion for summary
19  judgment (ECF No. 18) on grounds of nonexhaustion is GRANTED and
20  plaintiff's claims against Sullivan are DISMISSED.  Plaintiff's claims against the
21  other defendants are not affected by this ruling.
22       In order to expedite the resolution of plaintiff's claims against the
23  remaining defendants, the remaining defendants shall file a motion for summary
24  judgment on the merits of plaintiff's claims (or indicate in writing that they do
25  not believe that plaintiff's claims can be resolved by a motion for summary
26  judgment) by no later than May 27, 2016.  Plaintiff shall file an opposition, or

1  notice of non-opposition, to any motion for summary judgment within 28 days of
2  the date on which the motion is filed and served, and defendants shall file a reply
3  to any opposition within 14 days of the date on which the opposition is filed.
4  SO ORDERED.
5  DATED: April 18, 2016
                   CHARLES R. BREYER
6                  United States District Judge

G:\PRO-SE\CRB\CR.15\Evans,C.15-2519.msj.exh.wpd